IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

OZZIE DOTSON, PLAINTIFF

V. NO. 2:05CV163-P-B

JAMES A. RILEY, Sheriff, &
GINA VICK BRAY, M.D., DEFENDANTS

## REPORT AND RECOMMENDATION

On December 7, 2005, the *pro se* plaintiff, Ozzie Dotson, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Complaint alleges plaintiff arrived at the DeSoto County Jail on June 1, 2005, at which time he informed medical staff that he was HIV/AIDS positive and had Hepatitis C and a latent TB condition. He states he was given a chest X-ray to verify that his TB was not active. He claims, however, that when he got sick, he had to submit six medical requests and a letter to Dr. Gina Bray before he received a response from the medical department. He claims he was told there was nothing they could do for him. According to the Complaint, medical staff only drew blood to confirm plaintiff was HIV positive. In addition to damages, plaintiff is seeking an order of this Court requiring defendants to treat him with drugs that will prolong his life and raise his T-cell count.

At the *Spears* hearing, plaintiff testified that he was not on any medication for his condition when he entered the Jail in June 2005. He said his symptoms, however, included night sweats, loss of appetite, numbness in the arms and legs, migranes, diarrhea and constipation. He said as part of her examination of him, Dr. Bray conducted blood tests to see how serious his complications were. He said he was also examined by other members of the Jail's medical staff. He further stated that since the filing of the Complaint, Dr. Bray had him transported to an HIV clinic in Memphis, Tennessee for evaluation and treatment, and a follow-up appointment has been scheduled. Plaintiff's medical records presented at the hearing indicate he is not a candidate for antiretroviral drug treatment. Plaintiff said he is currently only taking medication for depression and a multivitamin.

As an initial matter, plaintiff has alleged no specific wrongdoing on the part of Sheriff Riley. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Accordingly, his claim against Riley should be dismissed. In order for plaintiff to prevail on his claim for denial of adequate medical care, he must allege facts which demonstrate "deliberate indifference to . . . [a] serious medical need[] . . . [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference,

*Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993) ("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

Based on the foregoing, plaintiff has not alleged a claim of constitutional dimension. Plaintiff was not taking any medication for his condition when he entered the Jail and is currently only taking medication for depression. Additionally, his medical records indicate he has been examined by Dr. Bray and other medical staff in response to his medical requests. Furthermore, plaintiff has alleged no injury. He cannot show that his condition worsened as a result of defendant's failure to treat him. Plaintiff simply feels he should be given antiretroviral treatment to prolong his life. However, his medical records indicate he is not a candidate for such treatment. As stated above, a plaintiff's disagreement with their medical treatment does not rise to the level of a constitutional claim. Therefore, it is recommended that the Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th Cir. 1996).

    Respectfully submitted this, the 12th day of December, 2005.


                                          **/s/   Eugene M. Bogen**
                                             **UNITED STATES MAGISTRATE JUDGE**